## FRANK v. CORCORAN et.

Ohio Appeals, 6th Dist., Lucas Co.

Smith, Baker, Effler & Eastman, Toledo, for Frank.

F. A. Carabin and George S. Moss, Toledo, for Corcoran.

### 480. EVIDENCE.

YOUNG, J.

1. In action for injuries growing out of automobile collision, admission of testimony with reference to whether or not defendant carried liability insurance is erroneous.

2. Rule excluding testimony with reference to whether defendant in action for injuries from automobile collision carried liability insurance must not be applied to render conversations incompetent for sole reason that parties discussed liability insurance.

3. In action for injuries from automobile collision, admission of conversations and statements made by parties at time of collision, containing reference to whether defendant carried liability insurance, held not prejudicial to defendant.

(Richards and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## HODNICKI v. PERE MARQUETTE RY. CO.

Ohio Appeals, 6th Dist., Lucas Co.

Calkins, Storey & Nye, Toledo, for Hodnicki.

Tyler, McMahon & Smith, Toledo, for Ry. Co.

### 458. EMPLOYER'S LIABILITY — 1235. Verdicts.

YOUNG, J.

1. In action under federal Employer's Liability Act (Title 45 Section 51 et sez., U. S. C.) defense of assumed risk is an affirmative defense which must be especially pleaded by defendant and supported by evidence.

2. In action under federal Employer's Liability Act by employees against railroad involving issues of negligence, contributory negligence, and assumption of risk, general verdict for railroad, without further finding, must be affirmed, though court erred in charging on one of issues presented.

(Richards and Williams, JJ., concur.)

For reference to full case, see Omnibus Index, last page, this issue.

---

## PECK v. CHATFIELD.

Ohio Appeals, 1st Dist., Hamilton Co.

Peck, Shaffer & Williams and Frank H. Shaffer, J., Cincinnati, for Peck.

Powell, Crosley, Clark & McCauley and Dinsmore, Shohl & Sawyer, Cincinnati, for Chatfield.

### 1271. WILLS AND LEGACIES—127. Bankruptcy—294a. Contingent Remainders—1237. Vested Rights.

CUSHING, J.

1. Devise to trustee, with power to sell and use income and principal for support of servant for life, then to testatrix's daughter, for life and on her death to her son, on his attaining majority, conveyed only contingent remainder to son, which did not pass to trustee on son's adjudication in bankruptcy prior to death of his mother under Bankruptcy Act, Section 70, subd. (a) cl. 5 (Barnes' Fed. Code Section 9154, U. S. Comp. St. Section 9654) and Section 11655 GC.

2. If contingency to interest taken under will is attached to thing, or right given, or the person to take, the interest is contingent; if it is attached to the time when the thing or right is to be enjoyed, it is vested; the contingency referring merely to the payment or division.

3. Where testator intends land to be divided at death of person named among such persons as come within class, remaindermen are to be ascertained at death of person named, and remainder is contingent.

(Buchwalter, PJ., and Hamilton, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## WEBER v. HERMAN.

Ohio Appeals, 6th Dist., Lucas Co.

Calkins, Storey & Nye, Toledo, for Weber.

Harold Kehoe and Ralph Emery, Toledo, for Herman.

### 54. AGENCY—118. Automobiles — 751. Master and Servant—829. Negligence.

RICHARDS, J.

1. In action for injuries to plaintiff struck by automobile owned by defendant and being driven by his cousin, evidence showing that defendant instructed cousin living with him to take car from garage to home, that cousin did so, and then started elsewhere to call for defendant's mother at defendant's authority and as his agent sufficient to hold defendant liable for injuries.

2. Where cousin of owner of automobile, driving automobile, took detour on errand of his own of mile and half from direct route in calling for owner's mother, who was permitted to use car, owner would not be liable for injuries by cousin while driving along detour.

3. Liability of owner of automobile for injuries while driven by another cannot arise out of family relationship only, but can only arise out of relationship of master and servant, or principal and agent.

4. In action for injuries to plaintiff struck by automobile, owned by defendant and being driven by his cousin, evidence showing that cousin occasionally drove other cars, some of which belonged to defendant, did not tend to show that on occasion of injury he was operating defendant's car as his agent or servant.

(Williams and Lloyd, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.